In re David Dwayne SMITH, Debtor.

**Walter W. Kelley, Trustee, Plaintiff,**

v.

**Chevy Chase Bank, Defendant.**

**Bankruptcy No. 97–11019–JDW.**

**Adversary No.  98–1013.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

July 16, 1999.

Thomas D. Lovett, Albany, Georgia, for Chapter 7 Trustee.

Molly L. McCollum, Macon, Georgia, for defendant.

## *MEMORANDUM OPINION*

JAMES D. WALKER, Jr., Bankruptcy Judge.

On June 21, 1999, this Court entered an Order granting partial summary judgment in this matter as to (1) Trustee's motion to avoid the preferential transfer of a lien on David Dwayne Smith's ("Debtor") 1997 Ford Ranger pickup truck, and (2) Trustee's request to recover a $10,232.00 unauthorized post-petition transfer. *Kelley v. Chevy Chase Bank (In re Smith)*, 236 B.R. 91 (M.D.Ga.1999). The Court was unable, in that Order, to grant Trustee's request to recover two preferential payments made by Debtor to Chevy Chase Bank ("Bank") toward satisfaction of the truck loan because a question remained as to whether such payments were made in the ordinary course of Debtor's financial affairs, and thus excepted from avoidance by 11 U.S.C. § 547(c)(2). The Court gave Bank an opportunity to supplement its pleadings to allege those facts necessary for the Court to make this determination. The Court also extended to Trustee the opportunity to dispute whatever facts were alleged by Bank.

Bank has supplemented its pleadings in accordance with the June 21st Order. The

880

facts alleged in those pleadings are that the payments were timely and made according to the terms of the agreement between Debtor and Bank which demonstrates the normal financial relations between a debtor and creditor under a retail installment contract involving a motor vehicle. Trustee does not dispute these facts. The facts as alleged are sufficient to establish that the payments are excepted from avoidance by the ordinary course of business defense. *See Miller v. Florida Mining and Materials (In re A.W. & Assocs., Inc.)*, 136 F.3d 1439 (11th Cir.1998); *Gosch v. Burns (In re Finn)*, 909 F.2d 903 (6th Cir.1990). *See also Warren v. Society Corp. (In re Perks)*, 134 B.R. 627, 631–32 (Bankr.S.D.Ohio 1991) (excepting prepetition car loan payments from avoidance because made in the ordinary course of debtor and creditor's business). Therefore, the Court finds that the two prepetition payments are not subject to recovery by Trustee as preferences because they were made in the ordinary course of business between Debtor and Bank.